[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE. ARBITRATORS' AWARD
The claimant, Huntley, had a liability policy and an uninsured motorists policy with the plaintiff, Lumbermens Mutual Insurance Company. She was injured in a collision with a vehicle insured by the Allstate Insurance Company. A judgment was entered into against the operator of the Allstate vehicle in the amount of $1,000,000 in favor of the claimant, Huntley.
The Allstate Insurance Company paid its full policy of $100,000. The claimant had $300,000 UMC coverage with Lumbermens at the time of the collision.
The Allstate insured paid the claimant $50,000 out of his own pocket. The UMC carrier, Lumbermens, claims that it is entitled to a credit for this $50,000 in addition to the $100,000 paid by Allstate. The case went to arbitration on this issue.
The arbitrators were asked to decide the question:
 "Is it contrary to public policy for an uninsured motorist carrier, Lumbermens, to reduce the damages otherwise payable to its insured, Huntley, by the amount of money the tort feasor paid to the insured to settle his liability where the insurance policy allows for such a reduction."
The arbitrators held by a vote of 2-1 that Lumbermens was not entitled to a credit for the payment made by the tort feasor.
Lumbermens UMC policy issued to Ms. Huntley provides in part:
"Any amounts otherwise payable for CT Page 6089 damages under this coverage shall be reduced by all sums: (1) Paid because of bodily injury by or on behalf of persons. . . who may be legally responsible."
Insurance Regulation section 38-175a-6 (d)(1) provides that an insurance policy may provide for the reduction of limits to the extent that damages have been paid by or on behalf of any person responsible for the injury.
Ms. Huntley claims section 38-175c Connecticut General Statutes obligates Lumbermens to pay its insured up to the limits of its UMC coverage after the liability under all bodily injury liability policies have been exhausted. The court finds that the statute merely "triggers" the point at which the insured may make a UMC claim. It does not purport to suggest or state anything with regard to what credit may be given to the UMC carrier.
In American Universal Insurance Co. v. DelGreco,205 Conn. 178 (1987) the court held that the UMC carrier was not entitled to a credit for payment of $20,000 by a dram shop carrier to its insured. The reason given was that the provisions of section 38-175a-6 (d) apply only to the person "responsible for the injury" to the insured. The court found that the dram shop was not a "person responsible for the injury".
The court concluded that the regulation when read in conjunction with the statute, Connecticut General Statutes section 38-175c relates only to set offs of amounts received from other automobile policies of those `responsible for the injury'. American Universal Insurance Co., supra, p. 197.
The court went on to say "an insurer may not, by contract, reduce its liability for such uninsured or underinsured motorist coverage except as section 38-175a-6 of the Regulations of Connecticut State Agencies expressly authorizes". (Emphasis added) Allstate Insurance Co. v. Ferranter 201 Conn. 478, 483 (1986) "Clearly, section 38-175a-6 (d)(1) does not expressly authorize a deduction for payments received pursuant to a dram shop policy."
American Universal Insurance Co., supra, p. 198. The holding in the American Universal Insurance Co. case is clear. Neither the statute nor the regulations allow an insurer to reduce its liability for underinsured motorist coverage by an amount of money received by the insured pursuant to a dram shop policy."
In the instant case, payment was made by the person CT Page 6090 responsible for the injury, but it was made by him personally, not by his automobile accident carrier.
The American Universal case requires two factors to be present in order to allow a credit or set off to the UMC carrier. Firstly, the payment must be made by the person responsible for the injury or on his behalf and secondly, the payment must be made by the automobile liability carrier of the person responsible for the injury. Id. p. 197.
Thus two conditions must be met before a credit or set off may be allowed. In the instant case only the payment by the tort feasor exists. The payment was not made by his automobile insurance liability carrier as required. Therefore, no credit or set off may be permitted.
Accordingly, this Application to Vacate the Arbitrators' Award is denied.
The defendant, Huntley's Application to Confirm the Arbitrators' Award is granted.
HURLEY, J.